# EXHIBIT "5"

# Commonwealth of Massachusetts
## THE TRIAL COURT
## PROBATE AND FAMILY COURT DEPARTMENT

MIDDLESEX DIVISION                               DOCKET NO. 06D-4000-DV1

NOREEN M. MITCHELL,
                    PLAINTIFF

v.

RICHARD C. MITCHELL,
                    DEFENDANT

### BIFURCATED JUDMENT OF DIVORCE NISI

All persons interested having been notified in accordance with law, and after hearing, it is adjudged nisi that a divorce from the bond of matrimony be granted to the Plaintiff, Noreen M. Mitchell (hereinafter "Mother"), from the Defendant, Richard Mitchell(hereinafter "Father"), for the cause of an irretrievable breakdown of the marriage pursuant to M.G.L. c. 208, §1B, and that upon the expiration of the ninety days from the entry of this Judgment, it shall become and be absolute unless, upon the application of any person within such period the Court shall otherwise order.

It is further provided that:

1. Mother shall have sole legal and physical custody of the minor children, namely Caitlin, Lauren, Moira and Colin Mitchell.

2. By January 30, 2009 Mother shall sign releases, or any other documents necessary in order to allow Father to have independent access to the children's educational, medical and therapy records and to be able to speak directly with those providers.

Mother will keep Father updated as to the names of the children's doctors, dentists, therapist, psychiatrists, and teachers. Mother shall keep Father informed, via email, of an major medical, therapeutic, religious, or educational decisions regarding the children but Mother shall be able to make all decisions regarding these issues.

3. In the event any of the children is ill or hospitalized Mother shall immediately notify Father, via email, and provide him any all information on that child's medical condition and the name of the treating doctor or hospital.

4. The Father shall have weekly unsupervised visits with the children on Wednesdays from 5:00 p.m. to 8:00 p.m. under the following conditions:

    a. Every other week, commencing on January 14, 2009, Father will visit with Colin and Moira only;

    b. On the alternate week, beginning on January 21, 2009, Father shall visit with Caitlin and Lauren only;

5. The Father shall have unsupervised visits with all four children every other weekend on Saturdays from 12:00 p.m. to 8:00 p.m. and Sundays from 10:00 p.m. to 5:00 p.m.

6. During Father's parenting time he shall be responsible for taking the children to all of their extra-curricular activities. Father shall be responsible for pick-up and drop-off of the children either at the Mother's home or at school. Pick up at Mother's house shall be curbside and under no circumstances shall Father get out of his car, enter the house or the driveway.

7. Father will assist the children with their homework during their visitation as long as that child is not involved in an extra-curricular activity.

8. Father shall only attend the children's extracurricular activities that occur during his parenting time. Mother shall not attend any of these activities.

9. Mother shall provide Father, on the 25th of each month beginning on January 25, 2009, with a list of the children's practices, games and tournaments for all of their extracurricular activities, for the following month, and she shall notify him immediately if there are any changes to the schedule. All communications shall be via email

10. The holiday schedule set forth below shall supercede the regular visitation schedule for those days and Father will take all four children.

11. The Father shall have the children on Father's Day from 10:00 a.m. to 5:00 p.m. and the Mother shall be with the children on Mother's Day.

12. The parties shall alternate the Thanksgiving Day, from 10:00 a.m. to 8:00 p.m. Mother shall have the children in even numbered years and Father shall have the children in odd numbered years. The remainder of the Thanksgiving holiday will be under the regular weekend schedule.

13. In even years the Father shall have the children on Christmas Eve from 10:00 a.m until 9:00 p.m. and in odd years Father shall have the children on Christmas Day from 12:00 p.m. until 9:00 p.m. Mother shall have the children on Christmas Eve in odd years and on Christmas Day in even years

14. Each parent shall have the child with them on their birthday from 5:00 p.m. to 8:00 p.m. if the children are in school and from 10:00 a.m. to 8:00 p.m. if the

Case 10-20059    Doc 31    Filed 01/05/11    Entered 01/05/11 16:55:36    Desc Main
                         Document    Page 5 of 6

children are not in school. For Father this will be in addition to his regular visitation.

15. Father shall contact the children's therapist Dr. Harrison, by January 30, 2009, and schedule at least six family therapy appointments with her and the children. Father's therapist may participate in these sessions. After six sessions Dr. Harrison shall select a family therapist to continue to work with Father and children. The family therapy shall be at least once a month. Mother may not have any individual meetings with Dr. Harrison and Dr. Harrison shall not discuss these family therapy sessions with Mother.

16. Father's therapist shall be provided a copy of the three GAL reports by Father's counsel. The therapist shall not allow anyone to read the report nor shall he make a copy of the report for anyone including Father.

17. The current District Court Restraining Order shall hereby be amended so that the Father and the Mother can communicate via email regarding the parenting schedule only.

18. Both parties shall be responsible for their own attorney's fees.

19. Father and Mother shall both continue in individual counseling at least twice a month and keep the other informed of the names of their counselors.

20. The children shall remain in therapy with Dr. Harrison at least twice a month unless she determines that the frequency of the visits should be changed.

21. All issues regarding support, divisions of assets, liabilities, medical insurance, uninsured medical expenses, and life insurance shall be bifurcated. All temporary orders presently in effect, other than those regarding custody and visitation, and

all asset restraining orders, shall remain in full force and effect until the remaining issues are resolved.

Date: 1/7/09

_____
Randy Kaplan, Justice