UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~
In re
**RICHARD C. MITCHELL,**                                Chapter 7
    Debtor                                               Case No. 10-20059-JNF
~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

    The matters before the Court are 1) the Motion to Extend Deadline for Filing Notices of Appeal, pursuant to which New England Phoenix Co., Inc. ("NEPCO") seeks an order extending the deadline for filing notices of appeal with respect to this Court's orders of January 11, 2011, granting the Motion of Richard C. Mitchell (the "Debtor") to Avoid Judicial Lien of NEPCO and overruling NEPCO's Objection to the Debtor's Claimed Homestead Exemption; 2) the Debtor's Opposition to the Motions to Extend; 3) the Debtor's Motions to Dismiss Appeal for Late Filing; and 4) NEPCO's Opposition to the Debtor's Motions to Dismiss.

    The Court heard the matters on February 22, 2011 and took them under advisement. Following the hearing, both parties submitted supplemental memoranda. Neither party requested an evidentiary hearing, and the facts necessary to decide the matters are not in dispute. The issue presented by NEPCO's Motion to Extend and the Debtor's Motions to Dismiss is whether NEPCO's counsel has established "excusable neglect" in failing to file a timely notice of appeal so as to permit the late filing of the appeals.

1

## II. FACTS

As noted above, the Court entered its orders on January 11, 2011. Pursuant to Fed. R. Bankr. P. 8002(a), the appeal period expired on January 25, 2011.[1] NEPCO filed its Notices of Appeal together with its Motions to Extend Deadline on January 28, 2011, seventeen (17) days after the entry of the Court's orders of January 11, 2011 on the docket.

The attorney for NEPCO, John C. La Liberte, Esq., filed an Affidavit in conjunction with his Motion to Extend for Filing Notices of Appeal. In his Affidavit, he stated the following:

> 1. I am a partner in the law firm of Sherin and Lodgen LLP, with offices at 101 Federal Street, Boston, Massachusetts. Sherin and Lodgen represents New England Phoenix Co., Inc. ("NEPCO") in this proceeding.
>
> 2. After the Court's ruling granting Debtor's motion to avoid NEPCO's judicial lien and overruling NEPCO's objection to the debtor's claim of homestead objection, I believed that the Court intended to issue a brief written opinion as the matter ruling [sic] may be distinguishable from Cassese [In re Cassese, 286 B.R. 472 (Bankr. D. Mass. 2002)] and may bring further clarity to the availability of homestead exemptions to non-declarant former spouses filing the protections of the Bankruptcy Code.
>
> 3. I intended to file a Notices of Appeal [sic] of the Court's January 11, 2011 orders. After the Court entered its orders on the docket, however, I mistakenly docketed the deadline for noticing the appeals based upon the certificate of mailing on January 13, 2011.
>
> 4. Upon realizing this mistake, I filed this motion for leave to extend the deadline for noticing an appeal as well as the notice of appeal as soon as possible.

---

[1] Rule 8002(a) provides: "The notice of appeal shall be filed with the clerk within 14 days of the *date of the entry* of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a) (emphasis supplied).

5. I have filed the Motion to Extend Deadline for Filing Notice of Appeal on behalf of NEPCO in good faith and not for the purpose of imposing any delay in this matter.

In addition to his Affidavit, in NEPCO's Opposition to the Debtor's Motions to Dismiss Appeals, Attorney La Liberte reiterated his belief that the Court intended to issue a brief written opinion.  The Court, however, made no reference to the issuance of a decision and did not indicate that it was taking the matters under advisement.  The Court issued a Proceeding Memorandum/Order of Court overruling NEPCO's Objection to the Debtor's Claimed Homestead Exemption and a Proceeding Memorandum/Order of the Court granting the Debtor's Motion to Avoid NEPCO's Judicial Lien.  A review of the transcript of the hearing held on January 11, 2011 corroborates the conclusion that the Court did not state or imply that it was taking the matters under advisement.  Finally, Attorney La Liberte conceded at the hearing that he was a registered CM-ECF user and had received electronic notification of the Court's January 11th orders early on January 12, 2011. He stated:

> What my error was is that I saw a certificate of mailing dated the 13th.  I thought that would be the date that it would be entered on the docket as for the running of the appeal period.  I discovered my error on the 26th of January as I was preparing the notice of appeal and I immediately filed the motion with the Court.

Transcript, p. 3.

### III. DISCUSSION

A. Applicable Law

Rule 8002(c) of the Federal Rules of Bankruptcy Procedure provides in relevant part

3

the following:

>   (c) Extension of time for appeal
>
>>   (1) The bankruptcy judge may extend the time for filing the notice of appeal by any party, unless the judgment, order, or decree appealed from:
>>
>>>   (A) grants relief from an automatic stay under § 362, § 922, § 1201, or § 1301;
>>>   (B) authorizes the sale or lease of property or the use of cash collateral under § 363;
>>>   (C) authorizes the obtaining of credit under § 364;
>>>   (D) authorizes the assumption or assignment of an executory contract or unexpired lease under § 365;
>>>   (E) approves a disclosure statement under § 1125; or
>>>   (F) confirms a plan under § 943, § 1129, § 1225, or § 1325 of the Code.
>>
>>   (2) A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 21 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 14 days from the date of entry of the order granting the motion, whichever is later.

Fed. R. Bankr. P. 8002(c).

The United States Court of Appeals for the First Circuit discussed the meaning of excusable neglect in <u>Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.</u>, 270 F.3d 1 (1st Cir. 2001). In that case, the First Circuit Court of Appeals considered an appeal from the denial of a motion for an extension of time to file an appeal

where the appellant filed its notice of appeal one day after the expiration of the applicable 30-day appeal period under Fed. R. App. P. 4(a)(1)(A). The circumstances in that case included appellant's attorney's use of an outdated address for mailing the notice of appeal to local counsel and a secretary's mistake in losing track of the appeal papers under a stack of other documents on her desk.

The First Circuit explained the evolution of the "excusable neglect" standard, stating:

> Before the Supreme Court's decision in <u>Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership</u>, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the rule in this circuit was that "[n]eglect is excusable within the meaning of FRAP 4(a)(5) only in unique or extraordinary circumstances." . . .
>
> In <u>Pioneer</u> the Supreme Court endorsed a more generous reading of the phrase "excusable neglect." The Court interpreted the "excusable neglect" provision in Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, which "empowers a bankruptcy court to permit a late filing if the movant's failure to comply with an earlier deadline 'was the result of excusable neglect.'" 507 U.S. at 382, 113 S.Ct. 1489. Rejecting what it termed a "narrow view of 'excusable neglect,'" under which the failure to meet a deadline had to be "caused by circumstances beyond the movant's control," the Court advanced "a more flexible analysis." <u>Id.</u> at 387 n. 3, 113 S.Ct. 1489. The Court observed that the ordinary meaning of the word "neglect" encompasses not just unavoidable omissions, but also negligent ones, and concluded that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." <u>Id.</u> at 388, 113 S.Ct. 1489.
>
> The Court then identified factors to be weighed in evaluating a claim of excusable neglect:
>
>> we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding

5

> the party's omission. These include . . . the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Id. at 395, 113 S.Ct. 1489. Although the excusable neglect provision interpreted in Pioneer was located in the Bankruptcy Rules, the Court cited a disagreement among the circuits on the meaning of "excusable neglect" in Fed. R. App. P. 4(a)(5) as a reason for granting certiorari. *See* id. at 387 & n. 3, 113 S.Ct. 1489. In Virella-Nieves v. Briggs & Stratton Corp., 53 F.3d 451 (1st Cir.1995), we concluded that "Pioneer's exposition of excusable neglect, though made in the context of late bankruptcy filings, applies equally to Fed. R.App. P. 4(a)(5)." Id. at 454 n. 3; *see also* Pratt v. Philbrook, 109 F.3d 18, 19 (1st Cir. 1997) ("Pioneer must be understood to provide guidance outside the bankruptcy context.").

We have recognized that Pioneer marked a shift in the understanding of excusable neglect. In Pratt, we vacated the district court's denial of the plaintiff's motion to reopen a case under Fed R. Civ. P. 60(b)(1), and remanded for reconsideration under the "latitudinarian standards" for excusable neglect announced in Pioneer. 109 F.3d at 19. We noted that the Supreme Court had "adopted a forgiving attitude toward instances of 'excusable neglect,' a term Pioneer suggests will be given a broad reading." Id. at 22. In Hospital del Maestro v. National Labor Relations Board, 263 F.3d 173, 174 (1st Cir. 2001) (per curiam), we observed that excusable neglect after Pioneer is "a somewhat elastic concept" (internal quotation marks omitted). Other circuits have come to the same conclusion. *See* Robb v. Norfolk & W. Ry. Co., 122 F.3d 354, 359 (7th Cir.1997) ("Pioneer broadened the definition of 'excusable neglect.'"); United States v. Thompson, 82 F.3d 700, 702 (6th Cir. 1996) (Pioneer establishes "a more liberal definition of what constitutes excusable neglect when an individual seeks a motion for an extension of time in the district court under Fed. R.App. P. 4"); Fink v. Union Cent. Life Ins. Co., 65 F.3d 722, 724 (8th Cir.1995) (Pioneer "established a more flexible analysis of the excusable neglect standard"); United States v. Hooper, 9 F.3d 257, 258 (2nd Cir.1993) (Pioneer advances "a more lenient interpretation" of excusable neglect).

Graphic Communications, 270 F.3d at 4-5.  Although the United States Court of Appeals for the First Circuit recognized that Pioneer marked a shift in the approach to the concept

6

of excusable neglect and was a "more forgiving" standard than the one used in its prior decisions, the court added:

> [T]here still must be a satisfactory explanation for the late filing. We have observed that "'[t]he four Pioneer factors do not carry equal weight; *the excuse given for the late filing must have the greatest import.* While prejudice, length of delay, and good faith might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry. . . .'" Hosp. del Maestro, 263 F.3d at 175 (quoting Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000)). This focus comports with the Pioneer Court's recognition that *"inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."* 507 U.S. at 392, 113 S.Ct. 1489.

Graphic Communications, 270 F.3d at 5-6 (emphasis supplied). *See also* Balzotti v. RAD Investments, LLC (In re Shepaherds Hill Dev. Co., LLC), 316 B.R. 406, 415 (B.A.P. 1st Cir. 2004) ("mere lack of notice does not constitute excusable neglect;" whether appellant had notice of the order does not affect its validity or the date the notice of appeal should have been filed); In re LaClair, 360 B.R. 388 (Bankr. D. Mass. 2006) (failure to consult or abide by an unambiguous court procedural rule normally does not constitute excusable neglect); In re Steve A. Clapper & Assocs. of Fla., 346 B.R. 882 (Bankr. M.D. Fla. 2006) (misunderstanding of the rules governing appeals does not constitute excusable neglect).

B. Analysis

In the instant case, the Pioneer factors, including the danger of prejudice to the Debtor, the length of delay and the potential impact on the case, and NEPCO's good faith are not dispositive of the Motions before the Court. Rather, the reason for the delay, as the First Circuit Court of Appeals emphasized in Graphic Communications, is controlling.

The excuses proffered by Attorney La Liberte are not compelling. While the Court sympathizes with his predicament and recognizes his mistake as an honest one, his mistake involved misconstruing the applicable appellate rule and the date from which the appeal period runs. Counsel's assumption that the date that the Bankruptcy Noticing Center mailed copies of the Court's January 11, 2011 orders to the Debtor and his attorney was the same date that the January 11, 2011 orders were docketed, as well as the date from which the appeal period was to be calculated, is belied by the electronic transmission of those orders to him on January 11, 2011. Moreover, the Court's docket reflects that the orders were entered on the docket on January 11, 2011. Thus, Attorney La Liberte's reasons cannot serve as a satisfactory explanation for the late filing under Supreme Court and First Circuit precedent. Moreover, even were the Court to accept his oversight in calculating the 14-day appeal period from January 13th, instead of January 11th, the appeal filed by NEPCO would still be untimely.

For purposes of Rule 8002(a), "[a] document is entered when the clerk makes the notation on the official public record, the docket, of the activity or submission of the particular document." *See* In re Henry Bros. P'ship, 214 B.R. 192, 195 (B.A.P. 8th Cir. 1997) (footnote omitted). As the Unite States Bankruptcy Appellate Panel for the Eighth Circuit noted:

> This is sometimes referred to as "docketing" because this official notation is made upon the docket kept by the clerk. *See* Fed. R. Bankr. Proc. 5003(a)("The clerk shall keep a docket in each case under the Code and shall enter thereon each judgment, order, and activity in that case as prescribed by the Director of the Administrative Office of the United States Courts. The entry of a

> judgment or order in a docket shall show the date the entry is made."); *see also* Fed. R. Civ. Proc. 79 ("All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be entered chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number. These entries shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the returns showing execution of process. The entry of an order or judgment shall show the date the entry is made. . . .").

Id. note 4. "It is well established that the ten [now fourteen] day period begins to run upon entry of the judgment or order and not from the date of service of the notice." *See* Alan Votta Construction, Inc. v. Kirkbride (In re Kirkbride), 2009 WL 3247837 (Bankr. E.D.N.C. Oct. 1, 2009). In Kirkbride, the staff of counsel who was on vacation miscalculated the deadline for filing a notice of appeal, as in this case, based upon the docket entry for the certificate of mailing instead of the date the order entered on the docket. As in the First Circuit, the Fourth Circuit has identified the most important Pioneer factor as the reason for the delay. 2009 WL 3247837 at *3 (citing Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 534 (4th Cir. 1996)). In weighing the Pioneer factors, the bankruptcy court determined that counsel had failed to establish excusable neglect.

The decisions cited by Attorney La Liberte are distinguishable and of no assistance to NEPCO. In PonceBank v. Memorial Prods. Co., Inc. (In re Memorial Prods. Co., Inc.), 212 B.R. 178 (B.A.P. 1st Cir. 1997), a case decided under Fed. R. Civ. P. 60(b) (made applicable to the proceeding by Fed. R. Bankr. P. 9024), the debtor filed a motion to vacate and set aside an order of dismissal citing excusable neglect. Because counsel failed to respond to a the motion for summary judgment, the court dismissed the debtor's Chapter

9

11 case. Counsel indicated that, although the motion for summary judgment was received in his office, his secretary inadvertently misfiled the motion without having brought it to his attention. The bankruptcy appellate panel observed that the bankruptcy judge did not abuse its discretion in vacating dismissal of the case because there was equity in the estate and the estate would be best served by options other than dismissal. 212 B.R. at 181. Attorney La Liberte did not indicate that the fault for the late filing of the notice of appeal rested with anyone at his firm and shouldered complete responsibility for the error. His error involved interpretation of the appellate rule, and not delay caused by the mistakes of others.

Attorney La Liberte also relied upon Spear v. Schafler (In re Schafler), 263 B.R. 296 (N.D. Cal. 2001), a case in which counsel proffered the following in support of his excusable neglect:

> (1) on December 19, 2000, counsel for Trustee sent counsel for Debtor a copy of a proposed judgment which had been submitted to the Bankruptcy Court, but Debtor did not receive thereafter a copy of a filed judgment as required by Rule 9022-1 of the Bankruptcy Local Rules . . .; (2) counsel was aware that, pursuant to Rule 9021-1(c) of the Bankruptcy Local Rules, submitted orders not approved as to form are ordinarily lodged with the bankruptcy court, and then held by the court for 7 days . . .; (3) although counsel was present on December 18, 2001 when the Bankruptcy Court ruled on the parties' motions for summary judgment, counsel did not consider it unusual that he had not received an order by early January due to the holiday season . . . ; (4) because the Bankruptcy Court had made a lengthy pronouncement of its findings at the December 18, 2000 hearing, counsel believed that the Court might be preparing its own order . . .; and (5) counsel did not have a subscription to the PACER system.

263 B.R. at 302 (footnotes omitted). The court also noted that counsel for debtor further

10

explained that he did not file a notice of appeal prior to entry of judgment, as allowed by Rule 8002(a) because he became substituted in the action after the decision and needed to familiarize himself with the record before determining if an appeal would be meritorious, explaining that he was counting on the time it would take for a judgment to be entered to conduct his evaluation. The district court concluded:

> [The] Trustee focuses on only one circumstance, the reason for the delay. In that regard, Debtor's explanation is weak; counsel could have checked the docket to determine if, and when, a judgment had been entered or could have filed a notice of appeal pursuant to Rule 8002(a). Although such conduct may show a lack of regard for the court's docket, in the absence of any evidence of deviousness or willfulness or of prejudice to Debtor's ability to defend the judgment on appeal, and in light of the very short period of delay, the Bankruptcy Court did not abuse its discretion in determining that Debtor was entitled to relief pursuant to Rule 8002(c).

Id. at 303 (footnote omitted). The Court finds that the Schafler decision conflicts with First Circuit precedent. In Graphic Communications, the First Circuit Court of Appeals emphasized that the excuse given for the late filing is the most important factor. 270 F.3d at 5-6.

In Bli Farms v. Greenstone Farm Credit Servs. (In re Bli Farms), 294 B.R. 703 (Bankr. E.D. Mich. 2003), another case cited by NEPCO, the court considered the "law practice upheaval" or "extremely busy" excuse for failing to timely file a notice of appeal. According to the court:

> That is a factor which has been emphasized in various cases (and this case as well) that have found the neglect inexcusable, with an overlay in this case to the effect that counsel for Debtors is a sole practitioner and was spending much of his time during the 10-day appeal period in this Court in hearings on various aspects of this very same bankruptcy case. The Supreme Court in

> Pioneer and later lower court cases in this circuit have given the "law practice upheaval" excuse short shrift, or, in the words of the Supreme Court itself, such is deserving of "little weight." Pioneer, 507 U.S. at 398, 113 S.Ct. 1489.

Id. at 707. Nevertheless, the court concluded: "What saves the day for counsel, however, is that this factor should not be seen or considered as outweighing all of the other indicated factors, all of which favor a finding of 'excusable neglect' and an otherwise appropriate equitable conclusion on the facts of this case." Id. See also In re McLean Indus., Inc., 196 B.R. 670 (S.D.N.Y. 1996). As noted above, the First Circuit has focused upon the reason for delay, and Attorney La Liberte did not advance any excuse such as his busy law practice, a relocation of his office, or illness. Moreover, because of the Court's CM-ECF system, registered users, such as Attorney La Liberte, receive electronic notification of the entry of orders, and Attorney La Liberte admits having received electronic notification of the Court's orders early on January 12, 2011.

**IV. CONCLUSION**

In accordance with the foregoing, the Court shall enter orders denying NEPCO's Motion to Extend Deadline for Filing Notices of Appeal and granting the Debtor's Motions to Dismiss Appeal for Late Filing.

By the Court,

*/s/ Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: March 2, 2011

13